IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard and Myrna Taggart,

    Plaintiffs,

  v.

Associated Estates Realty Corp.,

    Defendant.

Case No. 2:11-cv-768

JUDGE GRAHAM

Order Denying Request for a Temporary Restraining Order

Plaintiffs Richard and Myrna Taggart bring this action alleging that defendant Associated Estates Realty violated the anti-discrimination provisions of the Fair Housing Act. 42 U.S.C. §3604(f). The Taggarts are tenants at Saw Mill Village Apartments, which is owned and managed by Associated Estates Realty.

The matter is before the court on plaintiffs' motion for a temporary restraining order to require defendant to relocate a handicap parking space to the location closest to their apartment. Currently the closest handicap parking space to the plaintiffs' apartment is about six spaces farther from where plaintiffs wish the spot to be relocated. The court conducted an evidentiary hearing on September 7, 2011. Mr. and Mrs. Taggart both testified at the hearing, as did Katherine Prophater, who is the property manager at Saw Mill Village. At the conclusion of the hearing, the court denied the motion for a temporary restraining order. This order reflects the court's reasons for denying the motion.

I.    Facts

The dispute is focused on the placement of a handicap parking space outside the apartment building in which the Taggarts reside. Mr. Taggart is a disabled Vietnam War veteran, and when the Taggarts first moved into Saw Mill Village in 2008, defendant posted a handicap parking sign in the

space closest to the entrance to the Taggart's apartment, which is on the first floor and northwest corner of Building 7. See Def.'s Ex. A. The distance between this space and the apartment was 68 feet.

When the Taggarts signed their first lease, they notified the property manager at the time of Mr. Taggart's disability. They had a state-issued handicap license plate on their vehicle and Mr. Taggart apparently presented paperwork from the Veteran's Administration and Social Security Administration reflecting their determination that he was disabled. Mr. Taggart suffers from physical conditions caused by his exposure to Agent Orange, including paralysis of the sciatic nerve, poor circulation, arteriorsclorosis, and diabetes. Mr. Taggart testified that he has "good days" and "bad days," but generally he has difficulty walking and sometimes experiences cramps, throbbing in his legs, and aching in his hips and knees. Often after walking, he must lay down, elevate his legs, and rest.

There was a good deal of testimony about whether the handicap parking space "belonged" to the Taggarts. Plaintiffs testified that it was their understanding that the space belonged to them because Mr. Taggart's disability was known to defendant and the space was created once the Taggarts moved in. Defendant denies that the space belonged to the Taggarts and states that it was meant to be available to anyone with the proper handicap parking permits.

Another disabled tenant was set to move into Building 7 in May 2011 on the opposite end of the building from where the Taggarts reside. In April 2011, defendant removed the handicap sign in front of the space closest to the Taggarts' unit and created two new handicap spots about six spaces from the original spot. The testimony was that the new spaces are anywhere from 45 to 65 feet from where the original handicap space was located. Ms. Prophater testified that the new spots were intended to accommodate both disabled tenants of Building 7 and that their side-by-side placement created extra room for the tenants to access their vehicles.

The Taggarts immediately made known their objection to the removal of the handicap sign from

2

the original space. They believed that the spot belonged to them. Defendant did not agree and believed that Mr. Taggart was able to walk the extra distance to the new spot. Ms. Prophater and other employees have observed Mr. Taggart regularly walking his dog around the complex and walking to the mailbox, distances far exceeding the extra distance to the new parking space. They have also seen him at the clubhouse using the treadmill. Mr. Taggart testified that, on his doctor's recommendation, he does walk the dog, walk to the mailbox, and use the treadmill on days in which he is physically able to do so.

The Taggarts testified that the sidewalk is occasionally partially obstructed by mulch and cars overhanging the sidewalk. Mr. Taggart claims that he has fallen and sprained an ankle on at least one occasion while walking the extra distance to the new spot. He did not seek medical treatment following that alleged incident. The Taggarts also testified that they still frequently use the original space, often parking there during the daytime and also temporarily using the spot to load or drop off Mr. Taggart.

**II.     Discussion**

    **A.     Legal Standard**

Temporary restraining orders are available under Rule 65(b) of the Federal Rules of Civil Procedure. They are extraordinary remedies that are governed by the same considerations that a court must take into account when examining a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

B.       **Likelihood of Success on the Merits**

The Fair Housing Amendments Act makes it unlawful to discriminate in the sale or rental of a dwelling because of a handicap of a buyer or renter. 42 U.S.C. § 3604(f)(1). It also forbids such discrimination in the terms, conditions, privileges, and provision of services or facilities in connection with the sale or rental of a dwelling. 42 U.S.C. § 3604(f)(2). Discrimination includes a failure to make reasonable accommodation that are necessary to allow the disabled person equal opportunity to use and enjoy the dwelling. 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204.

Thus, to establish a prima facie case of failure to accommodate under the Act, a claimant must show that:

(1) he suffers from handicap as defined by the Act;

(2) defendant knew or reasonably should have known of his handicap;

(3) he requested a particular accommodation that was both reasonable and necessary to allow him an equal opportunity to use and enjoy the dwelling; and

(4) defendant refused to make requested accommodation.

Astralis Condominium Ass'n v. Secretary, U.S. Dept. of Housing and Urban Development, 620 F.3d 62, 67 (1st Cir. 2010); Budnick v. Town of Carefree, 518 F.3d 1109, 1119 (9th Cir. 2008); Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 782-83 (7th Cir. 2002).

The court finds here that plaintiffs have failed to demonstrate a strong likelihood of success on the merits. That Mr. Taggart suffers from a disability is not disputed, but the exact limitations caused his disability is less certain. Plaintiffs did not submit any medical evidence establishing that Mr. Taggart is physically unable to walk the extra 45-65 feet to the new parking space. Indeed, Mr. Taggart's own testimony was that he routinely walks greater distances for exercise, at his doctor's recommendation, and to walk the dog and get the mail. Mr. Taggart testified that he does experience discomfort and pain

4

after walking and must rest, but there is no evidence that walking the extra distance to the parking spot causes discomfort or pain that is in excess of what he normally would experience after his regular walks around the apartment complex.

Further, even if it were a hardship for Mr. Taggart to walk the extra distance to the new parking spot, that fact was never made known to defendant. It is uncontroverted that the Taggarts' objection to the removal of the original handicap sign was that it was "their spot." The Taggarts never advised defendant that the relocation imposed an undue physical burden on Mr. Taggart, nor did they present any medical documentation to that effect to defendant. And they did not inform defendant of any obstructions on the sidewalk to the new space. Indeed, based on the observations of defendant's employees that Mr. Taggart routinely walked around the apartment complex and used the treadmill, they had every reason to believe that he could walk the additional distance to the new spot.

Finally, defendant's actions in relocating the original handicap sign and creating two adjacent handicap parking spaces was a reasonable accommodation of the needs of the disabled tenants in Building 7. The tenants lived on different ends of the building, and defendant provided for two centrally-located spaces that offered additional room for the tenants to get in and out of their vehicles. Based on the information available to defendant, it had no reason to believe that moving the space down six spots would be an unreasonable accommodation of Mr. Taggart's disability. In light of the evidence adduced at the hearing, the court finds that the current placement of handicap parking is a reasonable accommodation of Mr. Taggart's disability, considering and the nature and extent of Mr. Taggart's disability.

    C.    **Irreparable Injury**

The court also finds that plaintiffs have failed to demonstrate an irreparable injury absent injunctive relief. Again, plaintiffs have not submitted medical documentation showing that the extra

distance to the new spot imposes an undue physical burden on Mr. Taggart. The testimony was clear that he routinely walks greater distances around the apartment complex. Even the distance from the Taggart's apartment to the original handicap space exceeded the distance between the original space and the new space.

To the extent plaintiffs argue that the threat of injury stems not only from the distance but also from the obstructions encountered along the way to the new space, they have failed to show that such obstructions are different in kind from what Mr. Taggart would normally encounter while on his walks. That is, Mr. Taggart traverses uneven surfaces and negotiates bends or turns and other natural hazards when walking around the apartment complex.

## III.  Conclusion

Accordingly, plaintiffs' motion for a temporary restraining order (doc. 2) is DENIED.

                                s/ James L. Graham
                                JAMES L. GRAHAM
                                United States District Judge

DATE: September 7, 2011